### WHEELOCK *v.* TOWN OF HARDWICK.

*Highway. Selectmen. Evidence. Agent. Estoppel.*

*Semble,* that one selectman, without authority or sanction of his associates, can no more bind the town by his *admissions* than by his acts.

In order to make the declarations of an agent admissible against his principal, they must have been made in the *performance* of some act within the scope of his agency.

A party is not estopped by his sayings, when the other party neither does nor omits to do any act in consequence thereof.

CASE for damage upon a highway. Plea, the general issue, and trial by jury, March Term, 1875, REDFIELD, J., presiding, and verdict for the defendant.

The notice of injury being defective, the plaintiff offered to show that when he delivered it to Judevine, one of defendant's selectmen, they had talk about the place where the accident happened, and the nature and extent of plaintiff's injury, and that Judevine told plaintiff to bring no suit and to make no trouble, that he had heard that the road was bad, and that when plaintiff ascertained the extent and amount of his injury, the town would pay him for it; that because of this talk, plaintiff gave no further notice and consulted no attorney; that Judevine was not selectman the next year, and that plaintiff, soon after Judevine's term expired, began to find the town resisting his claim. To this evidence the defendant objected, and the court ruled that it was not admissible to show that the road was out of repair, nor that Judevine waived notice to the town. Exceptions by the plaintiff.

*C. H. Heath,* for the plaintiff.

*L. D. Hathaway,* for the defendant.

The opinion of the court was delivered by

POWERS, J. It is to be observed that the plaintiff's offer was to prove a conversation with only one of the selectmen, without any suggestion that his associates either authorized or sanctioned

what he said. It has been repeatedly held that a minority of the board of selectmen cannot bind the town by their *acts*, and it would seem to follow that they could not by their *admissions*.

It is argued that selectmen are agents of the town, and that their admissions come within the rule that admissions made by agents are binding upon their principal. That rule of evidence requires that the admissions be made in the *doing* of some act within the scope of the agency—the theory being that the statement limits or qualifies the act. If the statement is made *after* the act, it is mere narration, and cannot be received. Judevine was doing no official act as selectman when he had the talk referred to, and even if the whole board had been present under the same circumstances, what was said amounted, at best, to mere hearsay matter.

The defendant is not estopped from disputing the validity of the notice given by the plaintiff of his injury. It does not appear that the plaintiff did or omitted any act in relation to his notice in consequence of what was said to him by Judevine. In fact, the subject-matter of the notice was not alluded to by the parties.

Judgment affirmed.