## PARKER & a. *v.* MOORE.

The decision of a question of title between a mortgagee and his grantor, in favor of the former, does not bind another mortgagee of the same land, as a party, who was not a party of record in the proceeding.

A mortgagee is not bound as a privy in estate with the mortgageor, by acts of the latter affecting the title, subsequent to the execution of the mortgage.

A witness, or an agent, or an attorney of one of the parties who assists in the trial, is not, for that reason, bound by the result of the suit.

A person is not estopped to contest a question by reason of an adjudication of the same, unless the estoppel would be mutual.

A person is not estopped by words or acts, when he did not intend to bind himself thereby, and when his conduct did not afford reasonable cause for the other party to believe that he would be bound.

WRIT OF ENTRY, to recover possession of certain premises mortgaged by Jonathan K. Atwood to the plaintiffs, by deed dated January 10, 1868. Facts found by an auditor. It was agreed that the facts found by the auditor should be such only as might bear upon a question of estoppel claimed against the grantor of the defendant.

On the 10th day of January, 1868, J. K. Atwood and wife conveyed in mortgage to the plaintiffs one undivided half of certain real estate in Lisbon, the same demanded in the suit at bar. On the 26th day of September, 1870, said J. K. Atwood and one J. H. Bowles, as partners, conveyed in mortgage the whole of the real estate, of which that described in said deed of January 10, 1868, is an undivided half, to W. H. Cummings. Disputes having arisen as to which of these deeds held the said undivided half of said property, an agreement of submission was entered into on the 4th day of December, 1873, by a written instrument signed by Parker & Young, the plaintiffs, and J. H. Bowles.

Previous to this submission the property in dispute had been sold, and Cummings held the purchase-money therefor. Subsequently to the execution of the agreement of submission by the nominal parties thereto, and previous to the hearing thereunder before the referee, Parker, one of the plaintiffs, asked Cummings if he would consider himself bound by the award of the referee, under the submission, and Cummings told him that he would consider himself bound by that award. At the hearing Cummings was a witness, and acted as agent for Bowles in the general conduct of the case. Bowles employed the counsel who appeared for him at that time. Cummings was not asked, either by Parker or Young, the plaintiffs, to sign the submission and become a nominal party thereto, but was asked so to do by Bowles, and refused. At the time of the submission Bowles was considered financially good, but became bankrupt in the fall of 1877.

The referee having decided adversely to the claims of Bowles in the property in controversy, Bowles thereupon abandoned the litigation, and refused to proceed further in it. Cummings then, on his own behalf, took advantage of the right reserved to either party in the submission, and carried the report of the referee to the supreme court for their opinion on the same, and the findings of the referee were confirmed.

The submission and referee's report are the same as are contained in *Parker* v. *Bowles*, 57 N. H. 491.

Subsequently the case was sent to another referee, on special points, who reported that Cummings did not intend to bind himself; that he did not designedly induce Parker & Young to believe that he would acquiesce in the award; that his acts, conduct, and declarations did not afford reasonable cause for such belief; and that in the first trial he was employed by and acted as the agent of Bowles.

*Bingham & Mitchell*, for the plaintiffs.

It is asked "Why did Mr. Cummings refuse to sign the submission when requested by Bowles?" Mr. Cummings was the mortgagee, and understood, undoubtedly—and well he might understand—that the signature of his grantor to a submission to test their common title was sufficient. It is also asked why the plaintiffs did not ask him to sign. The answer is obvious. He agreed to abide by the award. He, with the plaintiffs, *verbally* submitted the dispute, so far as he was concerned. A verbal submission was sufficient, was considered sufficient, and should be held to be sufficient, between men of honor and reliability. Cald. on Arbitration 36.

The simple statement of the facts, we submit, shows conclusively that Mr. Cummings, in the nature of things, must have understood, and did understand, that the reference was a litigation of his title, and by the result he was concluded. The New Hampshire rule, which defines who are bound and estopped by a former adjudication, is stated by *Eastman, J.*, in *Chamberlain* v. *Carlisle*, 26 N. H. 551, 552. It is as follows: "The record, when competent as evidence, binds both parties and privies, all who have a mutual or successive relationship to the same rights, privies in law, privies in blood, and privies in estate; all who have the right to adduce testimony or cross-examine the witnesses introduced by the other side; all who have a right to defend the suit, or control the proceedings, or appeal from the judgment."

Apply this rule to Mr. Cummings, and see how completely it estops and concludes him. He had (1) a mutual interest in the same rights; (2) he had the right to adduce testimony, and cross-examine the witnesses of the other side; (3) he had the right to defend, and did defend—to control proceedings, and did control them; (4) he had the right to appeal from the judgment of the referee, and did appeal. Any one of the above elements is sufficient to estop him, but there exists against him a combination of the most essential elements of estoppel. In *Chamberlain* v. *Carlisle*, p. 552, *supra*, the court, in speaking of the defendant Dewey's claim that a former action was a bar to this, say,—"Had he appeared in that suit and claimed the right to control it in any way, or to cross-examine the witnesses of the plaintiff, it would no doubt have been successfully objected to." *Hayward* v. *Bath*, 38 N. H. 183; *Corbett* v. *Norcross*, 35 N. H. 117; *Hunt* v. *Haven*, 52 N. H. 169; 2 Bouv. Law Dict. 369.

Privity "denotes mutual or successive relationship to the same rights or property." 1 Gr. Ev. 189; Bigelow Estoppel 75, *et seq.* On the hearing before the referee it was claimed that "the mortgaged property had become the property of Bowles & Atwood, whose creditors were entitled to hold the same in preference to Parker & Young, notwithstanding their mortgage." *Parker*

v. *Bowles,* 57 N. H. 494.    Mr. Cummings was the principal cred-
itor, and the *creditors* for whom, we submit, the claim was made.

Aside from his interest and relationship to the matter there ad-
judicated, his conduct was sufficient to now conclude and estop
him.    A party will be estopped from denying his own acts or
admissions, which were designed or calculated to influence the con-
duct of another, and did so influence it, if such denial operates
to the injury of the other.    Bigelow Estop. 431, *et seq.; Davis* v.
*Sanders,* 11 N. H. 259; *Welland Canal Co.* v. *Hathaway,* 8 Wend.
483; *First Pres. Congr. of Salem* v. *Williams,* 9 Wend. 147; *Gurn-
sey* v. *Edwards,* 26 N. H. 231; *Swain* v. *Seamens,* 9 Wall. 254;
*Gove* v. *White,* 23 Wis. 282 (cited in Abbott's U. S. Digest).

" Where one, by his words or conduct, causes another to believe
in the existence of a certain state of things, and induces him to act
on that belief so as to alter his own previous position, the former
is concluded from averring against the latter a different state of
things as actually existing at the same time."    *Davis* v. *Handy,* 37
N. H. 72, and cases there cited; *Simons* v. *Steele,* 36 N. H. 73;
*Odlin* v. *Gove,* 41 N. H. 473; *Drew* v. *Kimball,* 43 N. H. 285;
*Shaw* v. *Beebe,* 35 Vt. 208; *Hicks* v. *Cram,* 17 Vt. 455; *Pickard*
v. *Sears,* 6 Ad. & E. 469; *Heane* v. *Rogers,* 9 Barn. & C. 586;
*Graves* v. *Key,* 3 Barn. & Ad. 313; also, cases cited on page 258
of Baldwin's Conn. Digest.

Mr. Cummings's representation that he would abide by the
award, is the representation which induced the plaintiffs to litigate
the title by arbitration.    Had he not thus agreed, they would
have proceeded regularly to a foreclosure of their mortgage.    They,
should he be permitted to again open the matter then settled,
would suffer delay, expense, and the loss of the use of the mort-
gaged property in the meantime.    The award of arbitrators, like
the verdict of a jury, is *res adjudicata.*    Bigelow Estop. 18 and 19;
*Adams* v. *Barnes,* 17 Mass. 365.

*Rand* (with whom was *Carpenter*), for the defendant.

FOSTER, J.    The only question in this case is, whether Cum-
mings, the grantor of the defendant, is estopped to contest the
plaintiff's claim by reason of an award of an arbitrator upon a
submission between the plaintiff and one Bowles.    In that sub-
mission the question before the referee was, whether the title
claimed by the plaintiffs under their mortgage should prevail over
the title which Bowles claimed had been conveyed to Cummings
by mortgage.    But this was a question, not between the several
mortgagees, but between the mortgagees under one mortgage and
their grantor or warrantor.    Not being a party of record to this
submission, he cannot be bound as such by the award.

Was he bound by reason of any privity between him and
Bowles?    If he had any title, he acquired it long before the sub-

mission. Whatever Bowles may have done with reference to the title subsequent to the execution of his mortgage to Cummings, could not bind the latter as a privy in estate. Cummings, therefore, was not legally interested in the submission. *Dickinson* v. *Lovell*, 35 N. H. 9, 16; *Hunt* v. *Haven*, 52 N. H. 162, 170.

When it is said that adjudication binds " all who have the right to adduce testimony or cross-examine the witnesses introduced by the other side, all who have the right to defend the suit or control the proceedings or appeal from the judgment" (*Chamberlain* v. *Carlisle*, 26 N. H. 540, 551, 552), this is not intended to include one who, as an agent or attorney, adduces testimony, cross-examines witnesses, and controls the suit, but one who, being a party, or in privity with one of the parties, or at any rate legally interested in the event of the suit, thus conducts with reference to it. In one sense Cummings was interested in this proceeding, but he had no legal interest in the result. The question before the referee amounted perhaps to this,—whether the plaintiffs' title should prevail as against Cummings's title; but however that question might be determined between the parties to the reference, Cummings could not be concluded from contesting the validity of the plaintiffs' mortgage. As the result of the arbitration the plaintiffs established a title founded upon the Atwood mortgage, but this could not prevent Cummings from attacking that mortgage; and in the event of such a contest, if Cummings had prevailed, the only remedy left to the plaintiffs would be upon Atwood's covenants. In the same way, also, if the award had been in favor of the validity of the Cummings mortgage, the plaintiffs might still have contested that mortgage as against Cummings, and if unsuccessful their remedy would still be on the covenants of Bowles. But if Cummings were estopped by the result of the arbitration, as a privy in estate, then he would be driven to look to the covenants of his grantor without the opportunity of testing the strength of his own title or that of the plaintiffs.

The acknowledged rule is, in cases of this character, that an estoppel must be mutual. Bouv. Inst. 374; *Hunt* v. *Haven*, 52 N. H. 162, 169. It does not exist in this case, unless the plaintiffs would have been estopped to contest the validity of Cummings's mortgage in case they had been beaten and Bowles had prevailed before the arbitrator. The adjudication then would have only settled this, that Atwood & Bowles, as partners, had a right to convey the whole property, superior to the right of either to convey an undivided part of it; but the validity of the Cummings mortgage would not have been determined by that adjudication, and the plaintiffs would not have been estopped to contest it, by reason of any facts that appear in this case. *Parker* v. *Bowles*, 57 N. H. 491; *Thrasher* v. *Haines*, 2 N. H. 443.

The only remaining question is, Is Cummings estopped by his words or conduct? Has he intentionally so conducted as to cause

the plaintiffs to alter their position? From the report of the referee, to whom the case was sent to find further facts, it appears that Cummings did not intend, in what he said, to induce the plaintiffs to act upon it, and that his conduct was not such as to afford reasonable cause for them to believe that he would be bound by the award. There is therefore no estoppel. *Wheelock* v. *Hardwick*, 48 Vt. 19; Bigelow Estop. 480. At the trial he acted as the agent of Bowles, as he had a right to do, without prejudice to his own rights. *Schroder* v. *Lahrman*, 8 Reporter 241.

*Case discharged.*

SMITH, J., did not sit: the others concurred.